# F. A. Rehkopf v. Rachel Samuels.

1. EVIDENCE—*What is Not Admissible under the Allegation of Alia Enormia.*—In an action of trespass for the breaking and entering of a store and carrying away goods, it is error to admit, under the allegation of *alia enormia*, evidence that a sum of money was missing from the store after the defendant left with the goods.

Trespass, for breaking and entering a store and carrying away goods. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895. Remittitur ordered, etc. Opinion filed October 17, 1895.

F. M. WILLIAMS and S. G. ABBOTT, attorneys for appellant.

W. A. PHELPS, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of trespass, the declaration counting on the breaking and entering of a store and carrying away of certain personal property.

Under the allegation of *alia enormia*, against the objection of appellant, evidence that $95 in money was missing from the store after the defendant below left with the goods he removed, was permitted to be introduced. This was error.

In an action for trespass for breaking and entering a house, while the plaintiff may, under the allegation of *alia enormia*, give in evidence the debauchery of his daughter or the battery of his servants, yet he can not give in evidence the loss of service or any other matter that would, by itself, sustain an action, for if he would it should be stated specially. 1 Chitty's Pleadings, 396 (Ed. of 1844).

Appellee did not receive any of this $95; the constable made no return of its seizure and denied having taken it.

The verdict of the jury established that the goods seized

were the property of appellee; she paid $155 to procure their return. Whether she recovered all that were taken is in dispute with no preponderance of evidence in her favor.

Unless appellee will remit from her judgment for $230 so as to make it for the sum of $155 the judgment will be reversed and the cause remanded. Appellant will recover his costs in this suit.